### FIRST NATIONAL BANK OF SALEM

*vs.*

HENRY H. GRANT, Adm'r on the estate of WILLIAM McGILVERY.

### Waldo.     Opinion August 11, 1880.

*Accommodation note.     Commissioners of insolvency.*

One who lends his note, without limitation as to the time of its use, cannot in law be presumed to have limited such time to that before its maturity.

The holder of a note against an insolvent estate is not to suffer from the wrongful or negligent act of the commissioners of insolvency.

ON REPORT.

The law court to render such judgment as the law and evidence require.

The report shows that William McGilvery died March 9, 1876. Other facts appear in the opinion.

*Wm. H. Fogler,* for the plaintiff, cited : 2 Pars. Bills & Notes, 39 ; Story, Promissory Notes, § 194 ; *Charles* v. *Marsden,* 1

Taunt. 224; *Sturtevant* v. *Ford*, 4 M. & G. 101, (43 E. C. L. 61); *Lazarus* v. *Cowie*, 3 A. & E. 459, (43 E. C. L. 819); *Parr* v. *Jewell*, 16 C. B. (81 E. C. L. 684); *Carruthers* v. *West*, 11 Q. B. (63 E. C. L. 143); *East River Bank* v. *Butterworth*, 45 Barb. 476; *Harrington* v. *Dorr*, 3 Rob. (N. Y.) 275.

*Joseph Williamson*, for the defendant.

As to the $900 note, Gilmore, Kingsbury & Co., held it with power to sell or negotiate it for their own use. This was a power not coupled with an interest, and therefore revoked by the death of the maker. It is only when coupled with an interest that it is irrevocable. Chitty on Contr. 198; *Hunt* v. *Rousmanier*, 8 Wheat. 174; *Knapp* v. *Alvord*, 10 Paige, 205.

In this case the power of the payees of the note to use it could be revoked at the pleasure of the maker. They held it at the time of the death of the maker. It was then no claim against the estate. They could not subsequently negotiate it and thus create a claim against the estate. The fact that it was over due was enough to put the plaintiffs on their inquiry. See Byles on Bills, 135, 100, and cases cited; *Lancaster Nat. Bank* v. *Taylor*, 100 Mass. 18; *Clark* v. *Thayer et al.* 105 Mass. 216; *Swift* v. *Tyson*, 16 Pet. 15; *Bramhall* v. *Beckett*, 31 Maine, 205. Upon the question raised by the second note, counsel cited: *Judson* v. *Corcoran*, 17 How. 614; Perry on Trusts, § 438, and cases cited.

APPLETON, C. J. This is an action brought under R. S., c. 66, § 13, upon an appeal by the plaintiff from the decision of commissioners of insolvency upon the estate of defendant's intestate, William McGilvery, to recover the amount of two notes of hand signed by said McGilvery as maker.

The facts in relation to these notes differ and they will be separately considered.

1. The note for $900, dated January 12, 1876, on four months, payable to the order of Gilmore, Kingsbury & Co., at any bank in Boston, was an accommodation note of McGilvery, and was indorsed by the payees in June, 1876, as collateral security for their note of $2000 renewed at that time.

This note was for the accommodation of the payees. Instead of a loan of money, McGilvery loaned his credit. When the note was given there was no restriction as to its use, and no limitation as to the time of such use. The payees had full authority to dispose of it for any legitimate purpose. It was given to enable the payees to obtain credit thereby. The holder for value would hold the note by as firm a title as if founded on a real business transaction. That it was indorsed after due, without some equity in the maker, will not defeat the rights of the holder. The maker of an accommodation note holds himself out to the public to be absolutely bound to every person who shall take the same for value. "A party, who lends his note without limitation as to the time of its use," observes ROBERTSON, C. J., in *Harrington* v. *Dorr*, 3 Rob. 283, "cannot therefore be presumed in law to have limited such time to that before its maturity." The authorities are decisive on this question. Story on Promissory Notes, § 194: *Dunn* v. *Weston*, 71 Maine, 270; *Brown* v. *Mott*, 7 Johns. 362; *Sturtevant* v. *Ford*, 4 M. & G. 101; *Parr* v. *Jewell*, 81 E. C. L. 684; *Maitland* v. *Citizens' National Bank*, 40 Maryland, 540. The plaintiff is a holder for value, and is entitled to recover.

2. The note of McGilvery of January 13, 1876, for $1703.88, on four months, payable to Gilmore, Kingsbury & Co. or order, at any bank in Boston, was given for a good consideration and was indorsed June, 1876, after its maturity, to the plaintiff, as collateral security for the payee's liability to the bank, and it has remained in its possession and under its control to the present time. The amount due on the note was allowed by the commissioners of insolvency on McGilvery's estate to Gilmore, Kingsbury & Co. But that cannot affect the bank. It is nothing to the plaintiff that it had been wrongfully allowed to Gilmore, Kingsbury & Co. They had long before parted with its possession. They had ceased to be its owners. It was the duty of the commissioners to require proof of any claim presented for allowance. Had that been done, the allowance would not have been made. But the plaintiff is not to suffer from their neglect of duty.

*Judgment for plaintiff for both notes.*

WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.